**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

STEVEN BOOKMAN,

               Plaintiff,

        v.

CHRISTOPHER KEATING, et al.,

               Defendants.

Civil Action No. 24-940 (KMW) (SAK)

**OPINION**

**WILLIAMS, District Judge:**

      This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis.* (ECF No. 4.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

## I.      BACKGROUND

      Plaintiff is a state prisoner currently confined in the Camden County Correctional Facility. In his complaint, Plaintiff contends that he was previously convicted of an offense, and that conviction was overturned by the New Jersey Supreme Court, and he therefore wishes to bring

malicious prosecution charges against a state prosecutor, four detectives, and the New Jersey State Police.  (ECF No. 1 at 3-5.)  Plaintiff provides little to no elaboration as to his claims.  (*Id.*)

## II.   <u>LEGAL STANDARD</u>

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (quoting *Twombly*, 550 U.S. at 556).   A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6).   *Id.* (quoting *Twombly*, 555 U.S. at 557).   While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.   <u>DISCUSSION</u>

In this matter, Plaintiff seeks to raise civil rights claims under 42 U.S.C. § 1983 against a state prosecutor, the New Jersey State Police, and several police detectives for malicious prosecution based on a conviction which has now been overturned.[1]   To plead a plausible claim for relief for such a claim, a Plaintiff must plead facts which, if proven, would show that the defendants initiated charges against him without probable cause and those charges ultimately terminated in the Plaintiff's favor.   *See, e.g., Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014).   Although Plaintiff pleads favorable termination, he pleads no facts to suggest that the

---

[1] This Court does not construe Plaintiff to be raising claims for illegal search or false arrest in this matter, though it is possible Plaintiff intended to raise such claims.  If Plaintiff had intended to raise claims for false arrest and illegal search, however, such claims would almost certainly be time barred as the critical events in this matter occurred in November 2017 and Plaintiff did not file this matter until well over six years later and prisoner civil rights matters are subject to a two-year statute of limitations in New Jersey.  *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013); *see also Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (civil rights claims generally accrue at the time when the alleged violation occurred, false arrest and imprisonment claims accrue when the plaintiff is held over by legal process such as an arraignment).  Thus, had Plaintiff intended to file illegal search or false arrest claims, those claims would have to be dismissed as time barred absent a basis for tolling which is not present in Plaintiff's complaint.

charges were initiated without probable cause.  Indeed, based on the facts contained in the opinion Plaintiff mentions in his complaint, *see State v. Bookman*, 251 N.J. 600, 607-08 (2022), Plaintiff's charges were based on his admitting to officers that he illegally possessed a revolver, which he turned over to state troopers.  Although that conviction was overturned because the New Jersey Supreme Court determined that officers did not have an adequate basis to avoid obtaining a warrant before entering the premises where Plaintiff was discovered with the weapon, *see id.* at 609-23, nothing in that opinion suggests that the officers lacked probable cause to *charge* Plaintiff with being a felon in possession of a firearm.  Thus, even if the Court were to consider the referenced opinion, it does not support the contention that officers lacked cause to charge Plaintiff, and Plaintiff's complaint would still fail to state a plausible claim for malicious prosecution and must be dismissed without prejudice as such.[2]

## IV.  **CONCLUSION**

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**.  Plaintiff is granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

---

[2] The Court further notes that two named Defendants, the New Jersey State Police and the prosecutor Defendant are immune from suit in a malicious prosecution matter.  *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (prosecutors immune from suit for actions taken to initiate or pursue convictions); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013) (arms of the state immune from suit in a civil rights matter).